# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Temple East, Inc., : 
          Petitioner : 
: 
          v. : No. 286 C.D. 2018
: Submitted: August 31, 2018
Workers' Compensation Appeal Board : 
(Perri), : 
          Respondent : 


Alice Perri, : 
          Petitioner : 
: 
          v. : No. 463 C.D. 2018
: 
Workers' Compensation Appeal Board : 
(Temple East, Inc.), : 
          Respondent : 


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**             **FILED: December 20, 2018**

Before this Court are cross-petitions for review of Temple East, Inc. (Employer) and Alice Perri (Claimant) from a February 7, 2018 order of the Workers' Compensation Appeal Board (Board) that affirmed in part and reversed in part a March 31, 2016 decision and order of a Workers' Compensation Judge (WCJ). Employer appeals from the Board's order to the extent that it affirmed the WCJ's grant of a Petition for Review of Utilization Review Determination (UR Review

Petition) filed by Claimant, and Claimant appeals from the Board's order to the extent that it reversed the WCJ's grant of Claimant's request for unreasonable contest attorney fees. For the reasons that follow, we affirm the order of the Board and quash Claimant's appeal as untimely.

Claimant sustained an injury while working for Employer on January 9, 2009, which Employer accepted via a Temporary Notice of Compensation Payable with the injury described as a sprain and strain affecting the left knee, left wrist and neck. (March 31, 2016 WCJ Decision, Findings of Fact (F.F.) ¶¶6, 7.) On January 29, 2014, the WCJ approved a Compromise and Release Agreement between the parties that resolved the wage-loss portion of the claim with Employer remaining responsible for reasonable and necessary medical benefits related to the work injury. (Jan. 29, 2014 WCJ Decision, Reproduced Record (R.R.) 117a-30a.)

On July 16, 2014, Employer filed a Utilization Review (UR) request with respect to treatment provided to Claimant by Daryl Levin, LPT (Provider). (Sept. 12, 2014 UR Determination at 1, R.R. 46a.) Jay D. Kauffman, LPT, rendered a UR Determination on September 12, 2014 finding that all aqua and land therapy, kinetic activities and all other treatment provided by Provider to Claimant from June 2, 2014 onward was unreasonable and unnecessary. (*Id*. at 4, R.R. 49a.) Claimant promptly petitioned for review of the September 12, 2014 UR Determination. On April 7, 2015, the WCJ issued a decision granting Claimant's petition, concluding that all treatment provided by Provider to Claimant from June 2, 2014 and ongoing was reasonable and necessary and ordering Employer to make payment for those services. (Apr. 7, 2015 WCJ Decision, R.R. 54a-60a.)

On May 11, 2015, a little over one month after the WCJ's decision granting Claimant's first UR review petition, William Murphy, D.O. performed an independent medical examination (IME) of Claimant at Employer's request. In his

2

IME report, Dr. Murphy concluded that while Claimant remained symptomatic and would benefit from self-supervised physical activity, she had reached maximum medical improvement and formal physical therapy for her work injuries was not reasonable or necessary. (IME Report at 3-4, R.R. 115a-16a.) Following receipt of the IME Report, Employer filed a second UR Request on June 10, 2015 as to aqua and land therapy, kinetic activities and all other therapy provided to Claimant by Provider from April 28, 2015 and ongoing. (Aug. 11, 2015 UR Determination at 1, R.R. 68a.) This request was assigned to Marcia Epler, PhD, LP, LAT, who submitted a UR Determination on August 11, 2015, finding that Provider's May 26, 2015 reevaluation of Claimant and certain treatment provided by Provider prior to the reevaluation were reasonable and necessary but that all treatment and any reevaluation after May 26, 2015 were unreasonable and unnecessary. (*Id*. at 5-6, R.R. 72a-73a.)

In response to the second UR Determination, Claimant filed the UR Review Petition currently under review. Employer submitted Dr. Murphy's IME report and deposition testimony and Dr. Epler's UR Determination into evidence before the WCJ, while Claimant offered a report by Provider and two affidavits by Claimant attesting to the current symptoms of her left knee and the relief provided by Provider's treatment.

In his March 31, 2016 decision, the WCJ concluded that Employer was collaterally estopped from challenging the reasonableness and necessity of the treatment provided by Provider because the reviewed services were the exact same services at issue in the previous UR and the time period for the second UR began approximately 21 days after the WCJ's previous decision. (March 31, 2016 WCJ Decision, F.F. ¶15, Conclusion of Law (C.L.) ¶2.) In addition, the WCJ reached the merits of the UR Review Petition concluding that Employer had not met its burden

3

of proof to show that Provider's treatment from April 28, 2015 and ongoing was unreasonable and unnecessary, finding that Claimant's affidavits and Provider's report were more persuasive than the opinions of Dr. Epler and Dr. Murphy. (*Id.*, F.F. ¶¶11, 13-16, C.L. ¶3.) Finally, the WCJ concluded that Employer did not have a reasonable basis for contest and awarded attorney fees of $1,500 payable directly to Claimant's counsel. (*Id.*, F.F. ¶17, C.L. ¶5.)

Employer appealed to the Board. On February 7, 2018, the Board affirmed the WCJ's decision granting the UR Review Petition, concluding that Employer was collaterally estopped from challenging the reasonableness and necessity of treatment provided by Provider because Employer did not show that Claimant's condition had changed or that a substantial period of time had elapsed since the prior determination.[1] (Board Opinion at 5-6.) However, the Board did reverse the WCJ's award of attorney fees in favor of Claimant, concluding that Dr. Murphy's determination after the IME that Claimant had reached maximum medical improvement and was no longer benefiting from Provider's treatment constituted a sufficient basis to support a reasonable contest. (*Id.* at 6-7.) Employer filed a petition for review of the Board's affirmance of the grant of Claimant's UR Review Petition in this Court on March 5, 2018. On April 6, 2018, Claimant filed a cross-petition for review of the Board's reversal of the award of attorney fees for an unreasonable contest, and the two appeals were consolidated.[2]

---

[1] The Board did not rule on whether the WCJ appropriately denied the UR Review Petition on the merits.

[2] This Court's review of an appeal from a determination by the Board is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Merrell v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania, Department of Corrections)*, 158 A.3d 242, 245 n.4 (Pa. Cmwlth. 2017).

4

We first address Employer's appeal, in which it argues that the Board erred in holding that Employer was collaterally estopped from challenging the WCJ's prior decision that the physical therapy provided by Provider was reasonable and necessary.

The doctrine of collateral estoppel, also known as issue preclusion, prevents litigation of questions of law or issues of fact that already have been litigated in an earlier action. *Merrell v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania Department of Corrections)*, 158 A.3d 242, 245 (Pa. Cmwlth. 2017); *Department of Corrections v. Workers' Compensation Appeal Board (Wagner-Stover)*, 6 A.3d 603, 608 (Pa. Cmwlth. 2010) (*en banc*). Collateral estoppel is based on the policy that a losing party is not entitled to a rematch after suffering a fair loss in an adversarial proceeding on an issue identical to the issue that the party subsequently seeks to raise. *Merrell*, 158 A.3d at 245; *Wagner-Stover*, 6 A.3d at 608. A party is collaterally estopped from raising an issue in subsequent litigation when the following factors are met:

> (1) the issue in the prior adjudication was identical to one presented in the later action;
>
> (2) there was a final judgment on the merits;
>
> (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication;
>
> (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in a prior action;
>
> (5) the determination in the prior proceeding was essential to the judgment.

*Merrell*, 158 A.3d at 245; *Wagner-Stover*, 6 A.3d at 608-09; *C.D.G., Inc. v. Workers' Compensation Appeal Board (McAllister)*, 702 A.2d 873, 875 (Pa. Cmwlth. 1997).

5

Employer argues that the issue of whether the physical therapy administered by Provider is reasonable and necessary in the UR Review Petition presently before the Court is not identical to the issue of the reasonableness and necessity of Provider's treatment in the prior litigation because Claimant's condition had changed in the period between when Employer filed its first UR request in September 2014 and its second UR request in June 2015. Specifically, Employer argues that Dr. Murphy's May 11, 2015 IME report demonstrated a change in Claimant's condition when he opined that Claimant had reached maximum medical improvement with respect to her left knee injury and that no further physical therapy treatment would be considered reasonable or medically necessary for her work injuries.

In *C.D.G.*, we held that a claimant could not file a petition to review a UR determination to relitigate an earlier WCJ determination that medical treatment was unreasonable and unnecessary where the type of treatment was identical and the claimant's condition remained unchanged but only the date range and frequency of the treatment differed. *Id*. at 876-78. This Court first noted that the doctrine of collateral estoppel was "designed to prevent relitigation of issues which have once been decided and have remained substantially static, factually and legally." *Id*. at 875 (quoting *Keystone Water Company-White Deer District v. Pennsylvania Public Utility Commission*, 474 A.2d 368, 373 (Pa. Cmwlth. 1984) (*en banc*)). We concluded that in the context of challenges to the reasonableness and necessity of treatment in cases under the Workers' Compensation Act (Act),[3] "there has to be more than the mere passage of time for collateral estoppel not to apply" and that instead a party must show a change in condition of the claimant to escape the

---

[3] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.1, 2501–2708.

preclusion. *Id.* at 876-77. We further held that the UR review process which had recently been added to the Act "does not vitiate the application of the doctrine of collateral estoppel to allow a constant stream of utilization requests where the treatment and claimant's condition remain the same even though time has [passed]." *Id.* at 877.

This Court considered the application of the doctrine of collateral estoppel in UR cases again in *Gary v. Workers' Compensation Appeal Board (Philadelphia School District)*, 18 A.3d 1282 (Pa. Cmwlth. 2011). In *Gary*, the claimant was injured in 2001 and the employer filed a UR request regarding chiropractic treatment received by the claimant, which resulted in a 2003 WCJ decision ruling that the treatment was reasonable and necessary and ordering the employer to pay the claimant's chiropractor for treatment on and after June 11, 2002. *Id.* at 1284. In January 2008, the employer again filed a UR request for treatment provided by the chiropractor after December 31, 2007; the reviewer found that the ongoing treatment was not leading to significant improvement and was therefore not reasonable or necessary. *Id.* The claimant filed a petition to review the UR determination, but in this instance the WCJ found the treatment to be unreasonable and unnecessary, a decision that the Board affirmed. *Id.* at 1284-85. On appeal, the claimant argued that the employer should not have been able to relitigate the reasonableness and necessity of the medical treatment; however, this Court distinguished *C.D.G.*, concluding that the "substantial difference in the length of time between UR requests" – over five years and six months between the time periods of medical treatment challenged – alleviated the Court's concern that the employer was attempting to serially relitigate the issue related to the claimant's treatment until it could extract a favorable ruling. *Id.* at 1286-87.

7

Thus, pursuant to *C.D.G.* and *Gary*, a party seeking to challenge a prior determination regarding the reasonableness and necessity of medical treatment that was decided against that party may do so where there is either a change in the claimant's condition following the period under review in the first decision or a substantial period of time has elapsed from the earlier challenge. It is abundantly clear, however, that Employer has not satisfied either of these requirements. First, the passage of time was not by any measure "substantial." The two UR requests were filed less than one year apart and there were less than 11 months between the time periods for the medical treatment for which Employer sought review. In addition, Dr. Murphy performed the IME on behalf of Employer approximately two weeks after the WCJ ruled in Claimant's favor on her first petition. Furthermore, Employer has cited no evidence of a change in Claimant's condition that would allow Employer to avoid preclusion. In fact, Dr. Murphy acknowledged during his deposition testimony that there had been no change to Claimant's condition between the first UR Determination in September 2014 and his examination of Claimant in May 2015. (Murphy Dep. at 25, R.R. 101a.) Accordingly, because there is no question that the other elements of collateral estoppel are present here, we conclude that the WCJ did not err in concluding that Employer was collaterally estopped from challenging the reasonableness and necessity of the treatment provided by Provider.[4]

---

[4] Employer also argues that *C.D.G.* only held that a *claimant* cannot relitigate a prior WCJ ruling that medical treatment was unreasonable and unnecessary and not that an *employer* cannot relitigate a prior WCJ ruling that medical treatment was reasonable and necessary. We find this argument wholly unpersuasive. Initially, this argument ignores our decision in *Gary*, where this Court addressed the issue of whether collateral estoppel would bar an employer from relitigating the reasonableness and necessity of medical treatment. While the Court in *Gary* ultimately ruled against the claimant, we did not state that a claimant whose medical treatment had previously been determined to be reasonable and necessary was precluded from benefitting from the preclusive effect of the collateral estoppel doctrine or attempt to distinguish *C.D.G.* based on the fact that the claimant was invoking the doctrine. Moreover, Employer's argument that only an employer can

Next, we address Claimant's appeal of the Board's reversal of the WCJ's award of unreasonable contest attorney fees in Claimant's favor. Prior to addressing the merits of Claimant's appeal, however, we must first determine whether Claimant's cross-petition for review was timely under Rule of Appellate Procedure 1512.[5]

Rule 1512(a)(1) provides that the time period for filing a petition for review of a quasi-judicial order, including an order of the Board, is 30 days. Pa. R.A.P. 1512(a)(1); *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Co.)*, 891 A.2d 1267, 1269 n.2 (Pa. 2006). Rule 1512(a)(2) further provides that where a timely petition for review has been filed by one party, any other party to the case may file its own petition for review within the 30-day appeal period measured from the date of the agency order or within 14 days of the date that the first petition for review was filed, whichever period last expires. Pa. R.A.P. 1512(a)(2). The Board filed its order on February 7, 2018, and Employer timely filed its petition for review on March 5, 2018 within the 30-day appeal period which expired on March 9, 2018. Pursuant to Rule 1512(a)(2), Claimant was required to file any cross-petition for review by March 19, 2018, 14 days following the date on which Employer filed its petition for review. However, Claimant did not file her petition until April 6, 2018, beyond that time limit.

---

benefit from collateral estoppel in the context of UR determinations of the necessity of medical treatment would be a perversion of the well-accepted liberal construction of the Act as remedial in nature and intended to benefit injured workers. *See Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 556 n.6 (Pa. 2010).

[5] In the April 17, 2018 order consolidating the two appeals, this Court noted that Claimant's petition for review may be untimely and directed the parties to address the timeliness of the petition in their principal briefs on the merits.

In her brief, Claimant asserts that the petition was given to a United States Postal Service (USPS) clerk within the appeal period prescribed by Rule 1512, proper postage was paid as requested by the USPS clerk and the petition was later returned by USPS for insufficient postage. (Claimant Brief at 17-18.) As support for this assertion, Claimant attached to the brief a copy of USPS Certificate of Mailing Form 3817 for a package addressed to the Commonwealth Court with a return address of Claimant's counsel and bearing a March 15, 2018 postmark from the Southampton, Pennsylvania post office. (*Id.*, Exhibit 1.) In addition, Claimant attached a March 15, 2018 receipt from the Southampton post office indicating that $0.71 in first-class postage was paid for delivery of a package to the zip code in Harrisburg, Pennsylvania where this Court is located with an estimated delivery date of March 17, 2018, two days prior to the March 19, 2018 deadline. (*Id.*)

It is well-established that the failure to file a timely appeal of an administrative agency action is a jurisdictional defect and the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *V.S. v. Department of Public Welfare,* 131 A.3d 523, 527 (Pa. Cmwlth. 2015); *Sofronski v. Civil Service Commission, City of Philadelphia*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997); *see also* Pa. R.A.P. 105(b) ("An appellate court … may not enlarge the time for filing … a petition for review."). An untimely appeal may be permitted *nunc pro tunc*, however, if the delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the claimant, her counsel, or a third party. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996); *Department of Labor & Industry, Uninsured Employers Guaranty Fund v. Workers' Compensation Appeal Board (Gerretz, Reliable Wagon and Auto Body, Inc.)*, 142 A.3d 148, 155 (Pa. Cmwlth. 2016). In addition, the party seeking *nunc pro tunc* relief must show

10

that she filed the document within a short time period after the deadline or date that she learned of the untimeliness and that the respondent will not suffer prejudice due to the delay. *Cook*, 671 A.2d at 1131; *Bureau Veritas North America, Inc. v. Department of Transportation*, 127 A.3d 871, 879 (Pa. Cmwlth. 2015). The burden to justify an untimely appeal is a heavy one. *Suber v. Unemployment Compensation Board of Review*, 126 A.3d 410, 412 (Pa. Cmwlth. 2015).

This Court has previously found meritorious arguments for *nunc pro tunc* relief based on a breakdown in the postal system similar to those that allegedly occurred in this case.[6] However, though directed by the Court to address the untimeliness of her cross-petition for review in her principal brief on the merits, Claimant did not explicitly request *nunc pro tunc* relief from this Court in her brief and instead only asserted that the petition was timely filed. In addition, Claimant failed to produce any competent evidence to prove the fact of the alleged attempted timely filing of the petition for review. The assertions in Claimant's brief regarding the March 15, 2018 mailing of the petition for review are not evidence and this Court may not consider them as facts on which to base a ruling. *School District of Pittsburgh v. Provident Charter School for Children With Dyslexia*, 134 A.3d 128, 143 n.27 (Pa. Cmwlth. 2016) (*en banc*); *Sanders v. Workers' Compensation Appeal Board (Marriott Corp.)*, 756 A.2d 129, 133-34 (Pa. Cmwlth. 2000). Furthermore, the USPS certificate of mailing form and post office receipt did not become evidence of record simply based on Claimant's attaching these items to her brief. *See Thomas*

---

[6] *See Nationwide Insurance Company v. Pennsylvania Insurance Department*, 779 A.2d 14, 16-17 (Pa. Cmwlth. 2001) (stating that "[n]unc pro tunc relief may be granted where there is evidence of a breakdown in the postal system" and holding that such relief was appropriate where party credibly testified that he did not receive notice at his home address and that he had sporadic problems with mail delivery); *Walker v. Unemployment Compensation Board of Review,* 461 A.2d 346, 347 (Pa. Cmwlth. 1983) (failure of USPS to forward notice of agency decision to appellant's address, as appellant had requested, warranted *nunc pro tunc* appeal).

11

*v. Grimm*, 155 A.3d 128, 134 (Pa. Cmwlth. 2017); *Liberty Mutual Insurance Co. v. Excalibur Management Services*, 81 A.3d 1024, 1029 n.7 (Pa. Cmwlth. 2013) (*en banc*).

Moreover, even if the documents attached to Claimant's brief were considered as evidence, these documents only show that Claimant's counsel mailed *something* to this Court in the days before the petition for review was due, not that Claimant timely mailed the petition for review in this case. Claimant's counsel did not reference the Board docket number for the proceeding being appealed on the certificate of mailing form as required by Rule of Appellate Procedure 1514(a),[7] and there is no other indication on the certificate of mailing form or receipt that definitively ties these documents to this matter. Claimant also failed to attach the envelope of the package mailed on March 15, 2018 that would demonstrate that it was returned for insufficient postage.

Accordingly, the petition for review filed by Claimant is quashed as untimely and the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

---

[7] Rule of Appellate Procedure 1514(a), which permits a petition for review to take the date of mailing rather than the date of receipt when the petitioner also submits a time-stamped USPS certificate of mailing form, requires that the petitioner indicate the agency docket number on the form.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Temple East Inc., :
        Petitioner :
         :
    v. : No. 286 C.D. 2018
         :
Workers' Compensation Appeal Board :
(Perri), :
        Respondent


Alice Perri, :
        Petitioner :
         :
    v. : No. 463 C.D. 2018
         :
Workers' Compensation Appeal Board :
(Temple East, Inc.), :
        Respondent :


# **O R D E R**

AND NOW, this 20th day of December, 2018, the February 7, 2018 order of the Workers' Compensation Appeal Board (Board) in the above-captioned matter is AFFIRMED, and Petitioner Alice Perri's petition for review of the Board's February 7, 2018 order, docketed at No. 463 C.D. 2018, is hereby QUASHED.

_____
**JAMES GARDNER COLINS, Senior Judge**