529 A.2d 66

Ronald Bradley, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 14, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Patrick J. Flannery,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, July 27, 1987:

Ronald Bradley (petitioner) petitions for permission to file his petition for review *nunc pro tunc* of the July 28, 1986 order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief from a Board recommitment.

On May 30, 1986, a copy of the Board's order recommitting the petitioner to serve thirty-four months backtime as a technical and convicted parole violator was mailed to him at the State Correctional Institution at Graterford (Graterford), and he requested administrative relief from that order on June 30, 1986. On July 28, 1986, the denial of the petitioner's request for relief (denial) was mailed to him at Graterford, and the Board contends that the notice was never returned as undeliverable. The petitioner, however, claims that he was transferred to the State Correctional Institution at Dallas (Dallas) on July 31, 1986, and that he did not receive a copy of the denial until sometime after October 22, 1986.[1] This appeal followed.

The petitioner contends that it was not his fault that he missed the thirty-day appeal period,[2] and that, therefore, he should now be permitted to appeal *nunc pro tunc.* The Board, however, contends that, because

---

[1] On October 16, 1986 the petitioner wrote to the Board informing it that he had received no response concerning his request for administrative relief. The Board thereafter mailed a copy of its July 28, 1986 denial of that request on October 22, 1986.

[2] Pursuant to Pa. R.A.P. 1512(a)(1), a petition for review must be filed within thirty days of the entry of the appealable order.

the petitioner failed to notify the Board of his transfer to Dallas, the delay in his receipt of the notice concerned was his fault.

A mere allegation of failure to receive notice, of course, is insufficient cause for allowing an appeal *nunc pro tunc,* but a failure by the Board to properly send notice, amounting to a breakdown in Board operations, is the equivalent of negligence on the part of administrative officials so that an appeal *nunc pro tunc* would be proper. *Moore v. Pennsylvania Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 527, 503 A.2d 1099 (1986). If, however, the Board did properly send the notice, but there was some intervening negligence by a third party, then an appeal *nunc pro tunc* would likewise be appropriate. *See Walker v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 116, 461 A.2d 346 (1983).

We must determine, therefore, whether or not the Board's failure to send a copy of its July 28, 1986 denial of administrative relief to Dallas, rather than to Graterford, amounted to a breakdown in its operations, or whether or not there was some intervening negligence by a third party, so as to require that we grant the petitioner's request to appeal *nunc pro tunc.*

The Board mailed the denial of relief on July 28, 1986 to Graterford, where the petitioner was then incarcerated. And, although the petitioner contends that he did not receive notice of the Board's denial because of his July 31, 1986 transfer to Dallas, he alleges no fraud or negligence on the part of the Board. Furthermore, there is no indication, either in the record or in the petitioner's brief, that the petitioner ever made any attempt to notify the Board of his transfer from Graterford to Dallas. Accordingly, we find no breakdown in the operations of the Board.

We must examine, therefore, the circumstances surrounding the petitioner's failure to receive notice of the July 28, 1986 denial until after he requested a decision on his request for administrative relief on October 16, 1986. This is necessary for us to determine whether or not there was negligence on the part of the petitioner. If so, of course, we would have to deny his appeal *nunc pro tunc*. Or, if there was negligence on the part of prison officials in failing to deliver the Board order, we would have to grant permission to appeal *nunc pro tunc*. *See Walker*.

The petitioner notified the Board on October 16, 1986 that he did not receive a decision on his June 30, 1986 request for administrative relief. And, although we are not inclined to grant permission to appeal *nunc pro tunc* where the party seeking the appeal has unreasonably delayed in taking action to preserve his or her rights, we do not believe that the petitioner's two and one-half month delay in notifying the Board of his transfer and in requesting a decision here was unreasonable.[3] Inasmuch as the petitioner's transfer was within the exclusive control of the prison officials, we believe that, if the untimeliness of the petitioner's appeal was the result of negligence by the prison officials in failing to forward the Board's notification of denial, then the petitioner should be granted permission to appeal *nunc pro tunc* because prison officials are expected to know the whereabouts of prisoners in their custody. *Lewis v. Pennsylvania Board of Probation and Parole*, 97 Pa. Commonwealth Ct. 271, 508 A.2d 644 (1986). And, inasmuch as the denial here was properly mailed, the failure by Graterford prison officials to deliver the denial to the petitioner, to forward it to Dallas, or to return it to

---

[3] The reasonableness of a delay, of course, must be determined by evaluating the facts and circumstances of each case.

the Board as undeliverable did amount to such negligence. If, however, the denial was forwarded from Graterford to Dallas, then the negligence in failing to deliver it to the petitioner was on the part of Dallas prison officials. In either case, the untimeliness of the petitioner's appeal to this Court was caused by negligence in the prison system for which the petitioner should not be penalized.

Accordingly, we will grant the petitioner permission to appeal *nunc pro tunc.*

ORDER

AND NOW, this 27th day of July, 1987, the petitioner's petition for review *nunc pro tunc* in the above-captioned matter is granted and the Pennsylvania Board of Probation and Parole is ordered to lodge the remainder of the record with the Court within forty (40) days of the date of this order.

Jurisdiction retained.