[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party plaintiff, Fidalma Cirino, brings this action against the third party defendant, Patricia Giardi, in her official capacity as Commissioner of the Department of Social Services. In the third party complaint, Cirino seeks money damages from the defendant based on allegations that it erroneously discontinued her benefits as of January 1, 1993. In the underlying action, Cirino and other defendants are being sued by the plaintiff, Southport Manor Convalescent Center, Inc., based on allegations that the defendants have failed to pay for the room, board and related services that it allegedly provided to Cirino. CT Page 1191
On October 20, 1994, Giardi filed a motion to dismiss the third party complaint on the ground that the court lacks subject matter jurisdiction because the third party action is barred by the doctrine of sovereign immunity, and because Cirino has failed to exhaust her administrative remedies. The file does not contain a memorandum in opposition.
Generally, the state may not be sued without its consent.LaCasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990). "[S]ince the state can act only through its officers and agents, a suit against a state officer is in effect one against the sovereign state." White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). Through appropriate legislation, the General assembly may "`waive the state's sovereign immunity from suit and authorize suits against the state.'" Id. In the present case, Cirino cites no statutory authority that allows her to sue the state or its officials for monetary damages. Thus, her claims for damages, brought against a state official, are barred by the doctrine of sovereign immunity. See Fetterman v. University of Connecticut,192 Conn. 539, 550, 473 A.2d 1176 (1984).
It should also be noted that General Statutes § 17b-60
authorizes an aggrieved person to request a fair hearing on a decision by the commissioner of social services. Cirino does not allege that such a hearing was either requested or held. The third party complaint alleges only that a hearing was held before the Department of Public Health and Addiction Services with respect to the issue of the plaintiff's attempt to discharge Cirino from its nursing facility. "`[W]hen an administrative remedy is provided by law, it must be exhausted.'" Savage v. Aronson, 214 Conn. 256,266, 571 A.2d 696 (1990). The failure to do so implicates the court's subject matter jurisdiction. Concerned Citizens ofSterling v. Sterling, 204 Conn. 551, 556, 529 A.2d 66 (1987).
Thus, Giardi's motion to dismiss the third party complaint is granted on the ground that the court lacks subject matter jurisdiction over Cirino's third party action.
FORD, JUDGE.