IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Little,               :
                Petitioner  :
                            :
        v.                  :        No. 489 C.D. 2019
                            :        Submitted: August 23, 2019
Pennsylvania Department of   :
Corrections,                :
                Respondent  :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: February 18, 2020

Shawn Little (Requester), *pro se*, petitions for review of a final determination of the Office of Open Records (OOR) dismissing as untimely his appeal of the Department of Corrections' (Department) denial of his request for documents under the Right-to-Know Law.[1]  Requester argues that his appeal was not untimely under the "prisoner mailbox rule."  We vacate and remand.

On December 7, 2018, Requester, an inmate incarcerated at the State Correctional Institution at Camp Hill (SCI-Camp Hill), filed a request for records from the Department.  Specifically, Requester requested (1) copies of all subpoenas served on the Department by Eva C. Stroup seeking telephone recordings of calls made by Requester at SCI-Camp Hill; and (2) a copy of a report filed by an agent from the Bureau of Investigation and Intelligence on October 5, 2018, concerning the subpoenas.

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 - 67.3104.

On December 10, 2018, the Department sent Requester a letter informing him that it would require a 30-day extension to consider the request.[2] Seemingly unaware of the 30-day extension, Requester appealed to OOR on December 24, 2018, claiming the Department had failed to respond to his request within the required five-day period, resulting in a deemed denial. The Department responded that the appeal was premature because it had informed Requester of the 30-day extension. On January 28, 2019, OOR issued a final determination dismissing Requester's appeal as premature, but stating that Requester was not prohibited from filing a new appeal once the Department responded to his request.

The Department issued its response to the records request on December 31, 2018. The Department found that the requested records were exempt from disclosure under several provisions of the Right-to-Know Law, *i.e.*, the personal security exemption,[3] the public safety exemption,[4] the criminal investigation exemption[5] and the noncriminal investigation exemption.[6] As such, the request was denied.

On February 26, 2019, Requester filed a second appeal to OOR. Therein, Requester explained that he received OOR's January 28, 2019, final determination on February 6, 2019. He filed the second appeal in accordance with

---

[2] An agency must respond to a request for records within five business days. Section 901 of the Right-to-Know Law, 65 P.S. §67.901. If more time is needed, the agency's open records officer may unilaterally extend the time to respond as long as (1) the extension does not exceed 30 days and (2) notice is given to the requester. Section 902(b)(2) of the Right-to-Know Law, 65 P.S. §67.902(b)(2). If more than 30 days is needed, the requester must agree to the extension or the request will be deemed denied. *Id.*

[3] Section 708(b)(1)(ii) of the Right-to-Know Law, 65 P.S. §67.708(b)(1)(ii).

[4] Section 708(b)(2) of the Right-to-Know Law, 65 P.S. §67.708(b)(2).

[5] Section 708(b)(16) of the Right-to-Know Law, 65 P.S. §67.708(b)(16).

[6] Section 708(b)(17) of the Right-to-Know Law, 65 P.S. §67.708(b)(17).

OOR's instruction that he could do so after he received the Department's merits response to his Right-to-Know Law request. Requester asserted that he mailed the appeal on February 15, 2019, which was "nine days after receiving [OOR's final determination and in compliance with] the Prison[er] Mailbox Rule[.]" Certified Record (C.R.), Item 4, Attachment D at 7.

On February 27, 2019, OOR notified both parties by letter that they had until March 8, 2019, to submit information or legal argument in support of their positions. OOR further stated that "[t]he record closing date is seven (7) business days from the date of th[e] letter[.]" C.R., Item 2 at 1. In response, the Department argued that Requester's appeal was untimely because it was not filed within the 15-day appeal period mandated by Section 1101(a) of the Right-to-Know Law, 65 P.S. §67.1101(a) ("If a written request for access to a record is denied or deemed denied, the requester may file an appeal with [OOR or the appropriate appeals officer] within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial."). Requester did not respond to OOR's notice before the deadline.

On March 22, 2019, Requester filed a request (dated March 15) to OOR to appeal *nunc pro tunc*. Requester stated that he did not receive OOR's notice until March 11, 2019, which was after the March 8 deadline for a response. In support, he submitted a copy of the envelope dated and "signed by the witness who is [Requester's] unit manager" on March 11, 2019. C.R., Item 4 at 1-2. Requester further stated that he did not receive the response the Department filed with OOR until March 15, 2019. In support, he submitted a copy of the envelope dated and signed by "the Corrections Officer assigned to [his] prison block" on March 15, 2019. C.R., Item 4 at 1, 3.

3

Requester stated that mail sent to inmates at SCI-Camp Hill is first processed at a facility in St. Petersburg, Florida.[7] Consequently, it was impossible for him to respond in a timely manner to OOR's directive to submit information or legal argument in support of his position. Requester argued that OOR was violating his right to due process by not taking into account the processing time for inmate mail.

Additionally, Requester claimed that he received the Department's December 31, 2018, merits response to his record request on January 9, 2019. On January 11, 2019, Requester appealed the Department's merits response to OOR. Requester also attached several documents in support of his appeal. *See* C.R., Item 4, Attachment A (letter and documents in support of records request).

On March 27, 2019, OOR issued a final determination dismissing Requester's appeal as untimely. OOR explained that the Department's merits response was dated December 31, 2018, and Requester's appeal was filed on February 26, 2019. As such, Requester did not file his appeal within the 15-day appeal period mandated by Section 1101(a) of the Right-to-Know Law, 65 P.S. §67.1101(a). OOR's determination did not address the prisoner mailbox rule or Requester's request for *nunc pro tunc* relief. Requester petitioned for this Court's review.

On appeal,[8] Requester argues that OOR erred in dismissing his appeal as untimely without applying the prisoner mailbox rule. He also argues that OOR

[7] The record supports Requester's claim. All of the filings from the Department and OOR list Requester's address as SCI-Camp Hill, PO Box 33028, St. Petersburg, FL 33733. Requester suggested that legal mail may be sent directly to SCI-Camp Hill, but OOR has chosen to send correspondence to the Florida address.

[8] When reviewing a decision by OOR, our standard of review is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

erred by not addressing his request to appeal *nunc pro tunc*. The Department responds that Requester's appeal was not filed within 15 days; thus, it was untimely. The Department does not address the prisoner mailbox rule or Requester's request for *nunc pro tunc* relief.

Under the prisoner mailbox rule, a *pro se* prisoner's appeal is deemed "filed when such appeal is deposited with prison officials or placed in the prison mailbox." *Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605, 607 (Pa. Cmwlth. 2001) (citing *Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278 (Pa. 1996)). "At the heart of the 'prisoner mailbox rule' are the constitutional notions of due process and fundamental fairness." *Id.* at 608 (internal footnote omitted).

*Nunc pro tunc* relief is available where the delay in filing an appeal was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process or non-negligent circumstances related to the appellant, his attorney, or a third party. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). A delay in receipt of mail attributable to prison officials warrants *nunc pro tunc* relief. *Bradley v. Pennsylvania Board of Probation and Parole*, 529 A.2d 66, 67-68 (Pa. Cmwlth. 1987). Further, an inmate alleging "a delay in the receipt of his mail" is entitled to an evidentiary hearing in order to "present evidence on whether he is entitled to a *nunc pro tunc* appeal." *Rivera v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1122 C.D. 2017, filed July 19, 2018), slip op. at 6.[9]

---

[9] Unreported memorandum opinions of this Court may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Recently, we addressed OOR's failure to consider the prisoner mailbox rule in *Jones v. Department of Corrections* (Pa. Cmwlth., No. 1213 C.D. 2018, filed August 14, 2019). There, the requester, an inmate, filed a Right-to-Know Law request with the Department, which it denied. The requester filed a timely appeal to OOR. However, OOR rejected the requester's appeal as deficient because he did not attach copies of his original request and the Department's response to his appeal. OOR then advised the requester that he had seven calendar days from the date of the notice to cure the defect or his appeal would be dismissed. Eight days later, having received no response from the requester, OOR dismissed the appeal.

On appeal to this Court, the requester asserted that he had mailed the required documents within the seven-day period. In support, he provided a dated "cash slip" reflecting that he had purchased postage for a mailing to OOR. He argued that OOR violated his due process rights by dismissing his appeal without consideration of the prisoner mailbox rule. We agreed with the requester, vacated OOR's dismissal of the appeal and remanded for OOR to conduct a hearing to determine whether the requester's appeal was timely under the prisoner mailbox rule.

*Jones* is on point. Accordingly, we vacate OOR's final determination dismissing Requester's appeal as untimely and remand for OOR to conduct an evidentiary hearing on the timeliness of Requester's appeal giving due consideration to the prisoner mailbox rule and the claims raised in his request for *nunc pro tunc* relief.

_____
MARY HANNAH LEAVITT, President Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Little,                          :
                    Petitioner         :
                                       :
           v.                          :  No. 489 C.D. 2019
                                       :
Pennsylvania Department of             :
Corrections,                           :
                    Respondent         :

# **O R D E R**

AND NOW, this 18th day of February, 2020, the Final Determination of the Office of Open Records (OOR), dated March 27, 2019, is VACATED and the matter is REMANDED to OOR for proceedings consistent with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge