IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Bowen,                          :
                                       :
                    Petitioner         :
                                       :
          v.                           :  No. 815 C.D. 2020
                                       :  Submitted: January 29, 2021
Department of Corrections,             :
                                       :
                    Respondent         :


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge[1]
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: January 14, 2022


          Dwight Bowen, *pro se* (Requester), an inmate at the State Correctional
Institution (SCI) at Houtzdale, petitions for review of a Final Determination issued
by the Office of Open Records (OOR) dismissing as untimely his appeal of the denial
of his Right-to-Know Law[2] (RTKL) request by the Pennsylvania Department of
Corrections (DOC). Requester contends that his delay in filing an appeal was caused
by prison staff at SCI-Houtzdale. Further, he claims that OOR failed to respond to
his request for an extension of time to file an appeal. For the following reasons, we
affirm OOR's Final Determination.

---

[1] The Court reached the decision in this case prior to the conclusion of President Judge Emeritus Brobson's service on the Commonwealth Court.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

On May 11, 2020, DOC received a RTKL request from Requester, seeking:

> a copy of Luis Santiago['s (Santiago)] institutional telephone log in [sic] record, all recorded telephone communications and his email and electronic communications the [DOC has] from 12-1-18 thru [sic] 1-2-19.

> [Requester's own] telephone log in [sic] records and his email and electronic communication[s] from 12-1-18 to 1-2-19.

Certified Record (C.R.) at 12;[3] OOR Exhibit (Ex.) 1, at 8 (Requester's RTKL Request). By response dated May 28, 2020, Andrew Filkosky, DOC's Open Records Officer, denied the request. C.R. at 7-11; OOR Ex. 1, at 3-7 (DOC's Denial). Filkosky denied the request regarding Santiago because the records were not described with sufficient specificity and the request was not limited "with regard to persons." C.R. at 7; OOR Ex. 1, at 3. Filkosky denied the request for both Santiago's and Requester's own records based on the personal security, law enforcement, criminal investigation, and noncriminal investigation exemptions of the RTKL, and because inmate telephone records and audio/video recordings made by law enforcement are exempt from public disclosure under the RTKL. C.R. at 7-11; OOR Ex. 1, at 3-7. Requester was informed of his right to appeal to OOR within 15 business days of the mailing date of the response. C.R. at 11; OOR Ex. 1, at 7.

Requester appealed to OOR. His appeal is dated July 1, 2020, and was received by OOR on July 14, 2020. C.R. at 6; OOR Ex. 1, at 2 (Requester's Appeal to OOR). The postmark on the envelope is dated July 6, 2020. C.R. at 13; OOR Ex.

---

[3] Because the pages of the certified record are not numbered from beginning to end, and for ease of reference, the page numbers to the certified record referenced herein reflect electronic pagination.

1, at 9 (OOR Appeal Envelope). OOR issued a Final Determination on July 16, 2020, dismissing Requester's appeal as untimely. C.R. at 15; OOR Ex. 2, at 2 (OOR Final Determination). OOR explained that Requester was required to appeal within 15 business days of DOC's denial, *i.e.*, June 18, 2020, which he failed to do. OOR noted, however, that "Requester [was] not prohibited from refiling the [r]equest and filing a new appeal pursuant to the requirements of [Section 1101(a)(1) of the RTKL,] 65 P.S. § 67.1101(a)(1)." *Id.*

Requester petitions for review to this Court.[4] He argues that OOR erred in dismissing his appeal as untimely. He claims that on June 10, 2020, prison staff gave him a copy of DOC's RTKL denial that "was copied so poorly . . . [he] couldn't read it." Requester's Brief at 3. Requester informed prison staff that he wanted to see the original document. Prison staff denied his request for the original document, stating that Requester had "refused legal mail." *Id.* at 2. Requester alleges that he refused to accept DOC's illegible denial, so, on June 10, 2020, he mailed a letter to OOR requesting an extension of time to file his appeal due to the illegible document. *Id.* at 3. He also informed the "Superintendent's Assistant [] Becky Reifer" that he could not read the copy prison staff provided, and she agreed to "look into the situation." *Id.*

In his brief, Requester provides two different dates regarding when he ultimately received a "clear copy" of DOC's RTKL denial. Requester's Brief at 3. He claims to have received it on June 17, 2020, *id.*, and on June 28, 2020, *id.* at 2. However, he states that he waited "[a]bout a week" after receiving DOC's denial before he received the clear copy on June 17, 2020, that he "then waited for [] OOR to answer [his] request for an extension of time," and that "[w]hen no answer was

---

[4] When reviewing a decision by OOR, our standard of review is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

received[, he] mailed all required documentation to [] OOR on [or] about 7-1-20." *Id.* at 3.

DOC responds that Requester's appeal was filed after the June 18, 2020 deadline, and therefore, OOR properly dismissed the appeal as untimely. Further, DOC acknowledges Requester's claim that he requested an extension of time to file his appeal, but claims that he offers no support for his assertion and that the certified record does not reflect that OOR received any such request. DOC further points out Requester's admission to receiving a legible copy of DOC's RTKL denial on June 17, 2020, and contends that he could have still filed his appeal by the June 18, 2020 deadline by mailing it on that date. Instead, DOC alleges that he inexplicably chose to wait for OOR to respond to his request for an extension of time, and did not mail his appeal until July 1, 2020. DOC argues that Requester's failure to comply with the June 18, 2020 deadline precludes his appeal. However, DOC states, Requester is not precluded from filing a new RTKL request with DOC, as OOR instructed.

Section 1101 of the RTKL governs the filing of an appeal to OOR. Specifically, Section 1101(a)(1) provides: "If a written request for access to a record is denied or deemed denied, the requester may file an appeal with [OOR] . . . within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial." 65 P.S. § 67.1101(a)(1). It is undisputed that Requester's appeal was not filed within the 15-day deadline.

In *Little v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 489 C.D. 2019, filed February 18, 2020), a *pro se* inmate filed a RTKL appeal to OOR, claiming the appeal was timely because he filed it nine days after he received OOR's denial and pursuant to the prisoner mailbox rule. OOR gave the parties seven days to submit information or argument in support of their claims. In its response,

4

DOC argued that the appeal was untimely because it was not filed within 15 days of its denial. The inmate did not file a timely response, but approximately two weeks later, he filed a request with OOR to appeal *nunc pro tunc*, claiming that he did not timely respond to OOR's notice due to delays in the prison mailing system and his receipt of various documents. This Court explained:

> Under the prisoner mailbox rule, a *pro se* prisoner's appeal is deemed "filed when such appeal is deposited with prison officials or placed in the prison mailbox."[5] "At the heart of the 'prisoner mailbox rule' are the constitutional notions of due process and fundamental fairness."
>
> *Nunc pro tunc* relief is available where the delay in filing an appeal was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process or non-negligent circumstances related to the appellant, his attorney, or a third party. A delay in receipt of mail attributable to prison officials warrants *nunc pro tunc* relief. Further, an inmate alleging "a delay in the receipt of his mail" is entitled to an evidentiary hearing in order to "present evidence on whether he is entitled to a *nunc pro tunc* appeal."

*Little*, slip op. at 5 (citations and footnote omitted).[6]

In *Little*, we held that the inmate had raised claims regarding the prisoner mailbox rule and delays in the prison mailing system that, if true, would warrant *nunc pro tunc* relief. As such, we vacated OOR's final determination dismissing the inmate's appeal and remanded to OOR for an evidentiary hearing on

---

[5] It is well settled that the prisoner mailbox rule applies to all appeals filed by *pro se* prisoners. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

[6] *See* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

the inmate's prisoner mailbox rule and other claims raised in his request to appeal *nunc pro tunc* submitted to OOR.

Here, unlike the inmate in *Little*, Requester does not invoke the prisoner mailbox rule or claim a delay in the prison's receipt of DOC's May 28, 2020 RTKL denial.[7]  Instead, Requester contends that there was a delay in his receipt of a legible copy of DOC's RTKL denial that was caused by prison staff, which precluded him from filing a timely appeal.  According to Requester's brief, after receiving DOC's purportedly illegible denial on or about June 10, 2020, he requested a legible copy, which he received "[a]bout a week later on [or] about 6-17-20[,]" after which he proceeded to wait for nearly two more weeks for OOR to answer his extension request, and when it did not, he filed his appeal on July 1, 2020.  Requester's Br. at 3.  Therefore, by Requester's own admission, he received DOC's denial as early as June 10, 2020, and thereafter received yet another, apparently "legible" copy (by Requester's own standards) on June 17, 2020, both dates of which were prior to the appeal deadline of June 18, 2020.  Requester nevertheless chose not to file his appeal until July 1, 2020, which was past the deadline to do so.  Requester's own account of the situation belies his allegations that he did not receive a legible copy of DOC's denial until June 28, 2020, and that his delay in filing an appeal was caused by the negligence of prison staff.[8]  Moreover, the record before this Court does not show

---

[7] In *Barros v. Martin*, 92 A.3d 1243, 1248-49 (Pa. Cmwlth. 2014), we found a prisoner's RTKL appeal to a trial court timely based on prison records establishing that it was mailed within the 30-day appeal period pursuant to the prisoner mailbox rule.  Here, Requester's appeal is dated July 1, 2020.  Thus, even if he deposited it with prison officials or placed it in the prison mailbox on that date, his appeal was still untimely.

[8] In *Bradley v. Pennsylvania Board of Probation and Parole*, 529 A.2d 66, 68 (Pa. Cmwlth. 1987), the inmate was permitted to appeal *nunc pro tunc* because he never received his parole board recommitment notice from prison staff.  The parole board had mailed the notice to the prison **(Footnote continued on next page…)**

6

that Requester sought an extension of time from OOR.[9]  In any event, Requester does not present any legal justification for choosing to wait for a response from OOR instead of promptly filing an appeal.

For all of the above reasons, the Final Determination of OOR is affirmed.[10]

_____
MICHAEL H. WOJCIK, Judge

---

at which the inmate had resided prior to his transfer to another prison.  We found that regardless of which prison was negligent in handling the inmate's mail, the untimeliness of the inmate's appeal to this Court "was caused by negligence in the prison system for which the [inmate] should not be penalized."  *Id.*  Here, there was no delay in the receipt of Requester's mail.  Requester simply chose not to appeal by the June 18, 2020 deadline.

[9] There is no request for an extension of time in the record in this matter.

[10] We note that OOR dismissed Requester's appeal without prejudice and that he may simply refile his original RTKL request with DOC.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Bowen,                          :
                                       :
                    Petitioner         :
                                       :
        v.                             : No. 815 C.D. 2020
                                       :
Department of Corrections,             :
                                       :
                    Respondent :

# **O R D E R**

AND NOW, this 14<u>th</u> day of <u>January</u>, 2022, the Final Determination of the Office of Open Records (OOR), dated July 16, 2020, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge