IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Beverly,                          :
                    Petitioner         :
                                       :
          v.                           :     No. 510 C.D. 2021
                                       :     Submitted: January 28, 2022
Pennsylvania Parole Board,             :
                    Respondent         :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                    FILED:  March 31, 2022

         Eric Beverly petitions for review of an adjudication of the Pennsylvania
Parole Board (Parole Board) recommitting him as a convicted parole violator and
recalculating his maximum sentence date.  On appeal, Beverly argues that the Parole
Board (1) lacked authority to recalculate his maximum sentence, (2) was obligated
to hold a separate hearing on the issue of credit for time spent at liberty on parole,
and (3) violated the doctrine of separation of powers when it extended his maximum
sentence.  Beverly's appointed counsel, Jessica A. Fiscus, Esquire (Counsel), of the
Erie County Office of the Public Defender, has filed an application to withdraw her
appearance and a letter asserting that Beverly's appeal lacks merit.  For the following
reasons, we grant Counsel's application and affirm the Parole Board's decision.

         In 2018, Beverly was convicted of conspiracy to commit robbery and
robbery.  He was sentenced to an aggregate term of incarceration of three to six
years. On May 7, 2019, Beverly was paroled from the State Correctional Institution

(SCI) at Mahanoy to Philadelphia CCC #2 in Philadelphia, Pennsylvania. At the time of his parole, Beverly's maximum sentence date was April 27, 2022.

Beverly completed the community corrections program at Philadelphia CCC #2, and on May 21, 2019, he was released to an approved home plan in Philadelphia. Subsequently, on June 27, 2019, the Parole Board learned that a warrant had been issued for Beverly's arrest for a shooting that had occurred at a sports bar on June 13, 2019.

On July 6, 2019, Beverly was arrested by the Philadelphia Police Department and charged with various criminal offenses related to the June 13, 2019, incident, including attempted murder, aggravated assault, possession of a prohibited firearm, simple assault, and recklessly endangering another person. Beverly did not post bail on the new criminal charges. On the following day, July 7, 2019, the Parole Board issued a warrant to commit and detain Beverly on the new criminal charges.

Subsequently, on January 7, 2020, Beverly pled guilty to possession of a prohibited firearm.[1] He was sentenced to 23 months' incarceration in the Philadelphia Department of Prisons to be followed by 2 years' probation. Beverly was given credit for time served and immediately paroled. On January 15, 2020, Beverly was returned to state prison.

On February 11, 2020, the Parole Board served Beverly with a Notice of Charges and Hearing, charging him with a violation of parole due to his new criminal conviction for possession of a prohibited firearm. A revocation hearing was held on February 24, 2020. At the hearing, Beverly acknowledged his new conviction. He apologized for "messing up the chance" that he had been given and asked to be given another chance on parole. Notes of Testimony, 2/24/2020, at 9

---

[1] All other pending criminal charges were *nolle prossed*.

(N.T. \_\_\_); Certified Record at 56 (C.R. \_\_\_). Additionally, his attorney stated that Beverly "has about two months of street time" and "didn't really have an issue [while] incarcerated, and he just made a bad decision out on the street, which he's taken responsibility for by pleading and then by admitting here today." N.T. 9-10; C.R. 56-57.

By decision recorded June 1, 2020, the Parole Board determined to recommit Beverly as a convicted parole violator due to his new criminal conviction. It denied him credit for the time spent at liberty on parole, explaining that he committed a new offense involving possession of a weapon. It calculated Beverly's parole violation maximum date of sentence as December 28, 2022.

Beverly filed a petition for administrative review with the Parole Board challenging the recalculation of his maximum date of sentence and the Parole Board's decision not to award him credit for time spent at liberty on parole. By decision mailed October 30, 2020, the Parole Board denied his request for administrative relief. The Parole Board explained that it denied Beverly credit for time spent at liberty on parole for the stated reason that he committed a new offense involving possession of a firearm. Further, it explained how it calculated his parole violation maximum date of December 28, 2022.

On May 6, 2021, Beverly, *pro se*, filed a petition for review with this Court. In his petition, Beverly asserted that the Parole Board erred when it failed to "award[ him] credit for time spent [at] liberty [on parole]" and did not provide a "plausible explanation as to why [he] was not granted [credit for] time spent [at] liberty [on parole.]" Petition for Review ¶5. Additionally, Beverly asserted that the Parole Board lacked authority to recalculate his maximum sentence, that extending his maximum sentence for a parole violation violated the doctrine of separation of

3

powers, and that he should have been provided a separate hearing on the issue of whether he was entitled to credit for time spent at liberty on parole. Counsel has filed an application to withdraw appearance along with a no-merit letter, asserting that Beverly's claims lack merit.[2]

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements that counsel must meet in order to withdraw from representation. Pursuant to *Turner*, once appointed counsel has reviewed the case and determined that the petitioner's claims are meritless, she must

[2] Additionally, Counsel also filed an Amended Petition for Review because Beverly's *pro se* petition for review did not address the timeliness of his appeal. Therein, Counsel averred that Beverly did not receive the Parole Board's October 30, 2020, adjudication until December 2020. In December 2020, prison officials searched his cell and then placed Beverly into the Restricted Housing Unit, where he "did not have access or had extremely limited access to anything including legal paperwork and/or legal materials." Amended Petition ¶8. S*ee also* Amended Petition, Exhibit B at 2. Sometime in or after January 2021, when Beverly was able to access his legal materials, he could only find his "petition, [] green sheet [and] a couple [of] envelopes[.]" *Id.* at 4. Counsel averred that Beverly believed that some of his paperwork, including the Parole Board's adjudication, had been misplaced following the December cell search. Accordingly, on February 22, 2021, Beverly mailed a letter to the Parole Board requesting a copy of the October 30, 2020, adjudication. On April 19, 2021, the Parole Board mailed Beverly a copy of the adjudication. After receiving the copy of the adjudication, he filed the instant appeal. Beverly requests that the Court permit the filing of his appeal *nunc pro tunc*.

A petition for review must be filed within 30 days after the entry of the order from which an appeal is taken. PA. R.A.P. 1512(a)(1). The failure to file a timely petition for review deprives this Court of jurisdiction to consider its merits. *Nunc pro tunc* relief is available in limited circumstances, *i.e.*, where the delay in filing an appeal was caused by fraud or a breakdown in the administrative process or non-negligent circumstances related to the appellant, his attorney, or a third party. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). A delay in receipt of mail attributable to prison officials warrants *nunc pro tunc* relief. *Bradley v. Pennsylvania Board of Probation and Parole*, 529 A.2d 66, 67-68 (Pa. Cmwlth. 1987).

The Parole Board has not filed any response challenging the timeliness of Beverly's appeal or answered the Amended Petition for Review. It is a close call whether Beverly has identified an exceptional circumstance that would justify an appeal *nunc pro tunc*, but the amended petition for review *nunc pro tunc* is granted.

4

submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). If the requirements of *Turner* are met, this Court must then consider the merits of the petitioner's claims. *Id*.

In the instant case, Counsel has filed a no-merit letter detailing her review of Beverly's criminal record and parole history and explaining the basis for her legal conclusion that each of the issues raised in Beverly's appeal lack merit. The record establishes that Counsel sent a copy of the no-merit letter to Beverly; a copy of her application to withdraw her appearance; and a letter advising Beverly of his right to obtain new counsel or proceed *pro se*. Because Counsel has complied with the requirements of *Turner*, we now consider the merits of Beverly's petition.

On appeal,[3] Beverly challenges the Parole Board's decision to deny him credit for time spent at liberty on parole, also known as "street time." He claims that its stated reason was insufficient.

Section 6138(a)(2) and (2.1) of the Prisons and Parole Code (Parole Code) governs the award of credit for street time for a convicted parole violator and provides, in relevant part:

---

[3] Our review of the Parole Board's decision determines whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016).

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board, may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2) and (2.1).[4]  While on parole, Beverly did not commit a disqualifying crime under Section 6138(a)(2.1)(i).  Nor was he subject to a federal removal order for purposes of Section 6138(a)(2.1)(ii).  Thus, the decision to award credit remained within the Parole Board's discretion.  The Parole Board exercised that discretion by choosing not to grant Beverly any credit for his street time.

In *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), the Pennsylvania Supreme Court held that the Parole Board must articulate the basis for its decision to deny credit to a convicted parole violator for his time spent at liberty on parole.  Here, the Parole Board complied with that

---

[4] Section 6138(a)(2) and (2.1) was amended by the Act of June 30, 2021, P.L. 260; however, we quote the language of Section 6138(a)(2) and (2.1) that was in effect at the time the Board rendered its decision in this matter.

mandate in its decision recorded June 1, 2020, by stating that it was not crediting Beverly for his street time due to his having "committed a new offense involving possession of a weapon." C.R. 76. With that statement, the Parole Board discharged its obligation under Section 6138(a)(2.1).

Additionally, there is no question about the accuracy of the Parole Board's provided reason. At his revocation hearing, Beverly acknowledged being convicted of "possession of a firearm." N.T. 6; C.R. 53. For this reason, the record supports the Parole Board's articulated reason for denying Beverly credit.

Further, we reject Beverly's argument that he should have been provided a hearing, separate of the revocation hearing, on the issue of credit for time spent at liberty parole. A parolee "has a vested liberty interest in the limited liberty offered by parole that cannot be taken away without affording the parolee minimal due process guarantees of prior notice and an opportunity to be heard." *Johnson v. Pennsylvania Board of Probation and Parole*, 532 A.2d 50, 52 (Pa. Cmwlth. 1987) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)). Section 6138(a) of the Parole Code provides parolees with constructive notice that the Parole Board will consider all aspects of parole revocation, including whether to award the parolee credit for the time spent at liberty on parole, at the time of the revocation proceedings. 61 Pa. C.S. §6138(a); *see also* 37 Pa. Code §71.2 (procedure to be followed by the Board in case of violation of parole conditions). Due process does not require that a parolee be provided separate hearings, one on revocation and another on sentence credit, and Beverly does not cite any legal authority to support his suggestion.

Finally, when Beverly was paroled on May 7, 2019, his maximum sentence date was April 27, 2022. Beverly had 1,086 days remaining on his original sentence. In recommitting Beverly as a convicted parole violator, the Parole Board

did not award him credit for time spent at liberty on parole, and Beverly did not spend any time incarcerated solely on the Board's detainer while awaiting disposition of the new criminal charges since he did not post bail. Accordingly, adding 1,086 days to January 7, 2020, the date Beverly became available to begin serving his original sentence, results in a maximum sentence date of December 28, 2022. We conclude that the Parole Board correctly calculated Beverly's parole violation maximum sentence date.

As to Beverly's assertion that the recalculation of his maximum sentence date violates separation of powers, the Parole Board, when recalculating the sentence of a convicted parole violator, is not encroaching upon the judicial sentencing power but merely requiring the parole violator to serve his entire sentence imposed by the sentencing court. The Parole Board has the statutory authority to recalculate a sentence where the parolee violated the terms of parole. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). It is the duration of the sentence that controls, not the actual maximum sentence date. *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 901 (Pa. 1942). In other words, "[i]n exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the [Parole] Board is not engaging in an unconstitutional usurpation of judicial power[.]" *Ruffin v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017) (unreported),[5] slip op. at 8 (citing *Young*, 409 A.2d at 845-48).

---

[5] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner* and our independent review of the record confirms that Beverly's appeal lacks merit. Accordingly, we grant Counsel's application to withdraw her appearance and affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Beverly,                    :
           Petitioner        :
                                :
         v.                   :    No. 510 C.D. 2021
                                :
Pennsylvania Parole Board,     :
           Respondent    :

# **O R D E R**

AND NOW, this 31st day of March, 2022, the amended petition for review *nunc pro tunc* is GRANTED. The Pennsylvania Parole Board's adjudication, dated October 30, 2020, in the above-referenced matter is AFFIRMED, and Jessica A. Fiscus's application to withdraw her appearance is GRANTED.

_____
MARY HANNAH LEAVITT, President Judge Emerita