IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rasheed Nifas, : 
                    Appellant : 
                    : 
         v. : No. 1169 C.D. 2021
                    : Submitted: April 14, 2023
CO.1 R. Baker, CO.1 D. Attinger, : 
CO.III McLaughlin, CO.IV Fago, : 
Hearing Examiner Santana : 

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                   FILED: December 22, 2023

Rasheed Nifas (Nifas) appeals, pro se, from the Court of Common Pleas of Northumberland County's (trial court) April 30, 2021 order sustaining Preliminary Objections (POs) filed by State Correctional Institution (SCI) personnel: CO.1 R. Baker, CO.1 D. Attinger, CO.III McLaughlin, and CO.IV Fago (collectively, Appellees),[1] and dismissing Nifas's Complaint with prejudice. After review, we quash Nifas's appeal as untimely.

Nifas is an inmate currently in the custody of the Pennsylvania Department of Corrections. In June 2020, Nifas filed his Complaint in the trial court alleging Appellees violated his rights under article I, section 26 of the Pennsylvania

---

[1] Because Nifas failed to serve "Hearing Examiner Santana" his Complaint, that individual has not participated in this litigation.

Constitution[2] and 42 Pa.C.S. § 8303,[3] by falsifying misconduct reports against him as retaliation for previous litigation he filed against other prison personnel. Original Record (O.R.), Item No. 2. In his Complaint, Nifas requested the trial court enter declaratory judgment finding Appellees' acts and practices violated Nifas's rights. *Id.* Additionally, Nifas requested the trial court order compensatory damages against Appellees for failing or refusing to perform their legal duties, without justification, and for acting outside the scope of their employment to penalize Nifas. *Id.* Appellees filed POs asserting: (1) Nifas improperly joined divergent claims; (2) Nifas could not state a claim for damages; (3) a declaratory judgment is not available for the purpose of providing an advisory opinion on past conduct; (4) Nifas did not have a right to mandamus because Appellees' actions were not ministerial; and (5) Nifas did not aver sufficient facts to state a constitutional claim for retaliation. O.R., Item No. 8.

On April 30, 2021, the trial court sustained Appellees' POs and dismissed Nifas's Complaint with prejudice. O.R., Item No. 15. The trial court explained Nifas failed to sufficiently plead a claim for retaliation and failed to include any factual averments that could sustain the assertion that Appellees purposely falsified misconduct charges. *Id.* Additionally, the trial court noted a restrictive housing sanction does not implicate due process or a constitutional claim because no liberty interest is violated by confining an inmate in restrictive housing. *Id.*

Nifas's brief avers the following events after the trial court issued its order:

---

[2] Pa. Const. art. I, § 26. Article I, section 26 of the Pennsylvania Constitution provides: "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." *Id.*

[3] This section provides: "A person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal." 42 Pa.C.S. § 8303.

> On April 30th, 2021[,] the trial court [sustained Appellees' POs and] the trial court refused to send [Nifas] the trial court order.
>
> [Nifas] continued to write letters to the Prothonotary['s] Office for any court order and docket entries.
>
> On August 10, 2021[, Nifas] filed a Timely Notice of Appeal, in which the Prothonotary's Office refused to docket it.
>
> The Notice of Appeal has two different stamped dates, by the Northumberland County Courthouse Prothonotary Office.

Nifas's Br. at 4-5.

A review of the Original Record reveals that on July 26, 2021, Nifas requested a docket sheet from the trial court, which the prothonotary sent to him that same date. O.R., Item No. 16. On September 20, 2021, the trial court received Nifas's Notice of Appeal, which Nifas dated August 10, 2021. O.R., Item No. 17. In his Notice of Appeal, Nifas asserted he received the docket sheet from the trial court on August 10, 2021, and that was the first indication he had of the trial court's order sustaining Appellees' POs and dismissing his Complaint. *Id.*

By amended order filed on December 21, 2021, the trial court directed Nifas to file a concise statement of errors complained of on appeal (Statement) within 21 days pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b).[4] O.R., Item No. 19. The order notified Nifas that "[a]ny issue not properly

---

[4] Pennsylvania Rule of Appellate Procedure 1925(b)(2) states:

> The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack

**(Footnote continued on next page…)**

3

included in the [Statement] shall be deemed waived." O.R., Item No. 20. Moreover, the trial court noted Nifas failed to serve the trial court with his Notice of Appeal as required by Pennsylvania Rule of Appellate Procedure 1925(a)(1), Pa.R.A.P. 1925(a)(1).[5] *Id*.

> Regarding the Statement, Nifas's brief avers the following events:
>
> On December 17th, 2020[, Nifas] submitted a [Statement]. From the December 12th, 2020[] Order to file a [Statement].
>
> When the Prothonotary['s] Office refused to docket the [Statement], then [Nifas] filed it with the Commonwealth Court.
>
> On March 3rd, 2021[,] after the Commonwealth Court docketed the [Statement], the trial court Amended the Court Order.

Nifas's Br. at 4-5.

The trial court issued a Statement in Lieu of an Opinion, in which it reiterated that its reasons for dismissing Nifas's Complaint were set out in the original order and, additionally, pointed out that because Nifas failed to file and serve a Statement,

---

of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

Pa.R.A.P. 1925(b)(2).

[5] Pennsylvania Rule of Appellate Procedure 1925(a)(1) provides:

Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1).

this Court should deem Nifas's issues waived. O.R., Item Nos. 21, 23. On March 18, 2022, this Court issued an order indicating this appeal may be untimely and Nifas failed to comply with the trial court's order to file a Statement. Order, 3/18/2022. As such, we directed the parties to address these issues in their briefs on the merits.[6] *Id*.

In his appeal, Nifas addresses only the merits of his appeal, asserting the trial court improperly sustained Appellees' POs and dismissed his Complaint. Nifas's Br. at 3, 7-12. Nifas fails to address the timeliness issue or his failure to file a Statement. Appellees argue this Court lacks jurisdiction to consider Nifas's appeal as Nifas filed it outside of the deadline. Appellees' Br. at 13. Additionally, Appellees argue Nifas has waived all issues on appeal by failing to file a Statement as ordered by the trial court. *Id*. at 14. Regarding the merits of the appeal, Appellees contend the trial court properly sustained Appellees' POs and dismissed Nifas's Complaint. *Id*. at 15-24.

Before considering the merits of Nifas's appeal, we must address whether Nifas filed his appeal in a timely manner as "timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised by any party, even by the Court on its own motion, at any stage of the proceedings." *City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005) (citation omitted). A notice of appeal must be filed within 30 days after the entry of the order the petitioner seeks to appeal. Pa.R.A.P. 903(a). *Riverlife Task Force v. Planning Comm'n of City of Pittsburgh*, 966 A.2d 551, 557 (Pa. 2009). The 30-day appeal period commences when the "order is 'entered' by the trial court . . . . [and] a trial court's order is not 'entered' until that order has been

---

[6] *See* Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b) ("[A]n appeal . . . . from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.").

entered by the Prothonotary on the docket and notice of the order's entry has been given to the parties by the Prothonotary." *Gomory v. Dep't of Transp., Bureau of Motor Vehicles*, 704 A.2d 202, 204 (Pa. Cmwlth. 1998) (citation omitted). A petitioner's failure to file a timely appeal strips this Court of subject matter jurisdiction to consider the appeal. *Day v. Civ. Serv. Comm'n of Borough of Carlisle*, 931 A.2d 646, 651-52 (Pa. 2007). Moreover, we lack authority to extend the deadline for filing the notice of appeal. Pa.R.A.P. 105(b).

While an appeal deadline is mandatory, in extraordinary circumstances, we may permit an appeal *nunc pro tunc*. *Blast Intermediate Unit # 17 v. Unemployment Comp. Bd. of Rev.*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994); *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 (Pa. Cmwlth. 2009). However, we will only permit an appeal *nunc pro tunc* if the petitioner demonstrates to the Court that fraud or a breakdown in the judicial process caused the delay in filing or, alternatively, non-negligent circumstances related to the petitioner, his or her counsel, or a third party caused the delay. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996). We have previously held the failure of a petitioner to receive notice due to an intervening breakdown in operations or the negligence of a third party may justify *nunc pro tunc* relief. *Bradley v. Pa. Bd. of Prob. & Parole*, 529 A.2d 66, 68 (Pa. Cmwlth. 1987). However, we have also determined that a mere *allegation* of a failure to receive mailed notice is not sufficient to justify such relief. *Id.* at 67; *J.A. v. Dep't of Pub. Welfare*, 873 A.2d 782, 786 (Pa. Cmwlth. 2005).

We have addressed similar issues in *Nifas v. McGinley* (Pa. Cmwlth., No. 1467 C.D. 2021, filed May 8, 2023) (*Nifas I*), and *Watkins v. Workers' Compensation Appeal Board (Ingram's Drain & Sewer Cleaning Inc.)* (Pa. Cmwlth.,

6

No. 895 C.D. 2018, filed March 11, 2019), which we find to be persuasive guidance here.[7] In *Nifas I*, the appellants filed their notice of appeal nearly six months after the trial court's dismissal order and asserted that they did not receive timely service of the trial court's dismissal. This Court ordered the parties to address the issue of untimeliness in their briefs on the merits of their appeal. *Id*. at 2. Other than averments in their statement of facts, the appellants did not comply with this Court's order and failed to support their suggestion that the Court should consider the appeal timely. *Id*. We applied the rationale set forth in our decision in *Watkins*. In relevant part, we explained:

> [W]e issued an order in *Watkins* directing the parties to address in their briefs the potentially untimely appeal. However, the petitioner failed to address the timeliness issue, in contravention of this Court's order. *See* [*Watkins*], slip op. at 2. We first observed that where an appeal is untimely, we lack subject matter jurisdiction to consider it. *Id.*, slip op. at 2-3 (first citing *Riverlife Task Force v. Planning Comm'n of City of Pittsburgh*, 966 A.2d 551, 559 (Pa. 2009); and then citing *Tishok v. Dep't of Educ.*, 133 A.3d 118, 122 n.2 (Pa. Cmwlth. 2016) (stating that "failure to timely appeal is a jurisdictional defect that cannot be waived")). We then noted that, although the petitioner stated in a *pro se* letter that he did not receive the appealed order in the mail, the record indicated that the order had been mailed, and there was no evidence indicating that the mailing was returned as undeliverable. *Watkins*, slip op. at 1-2 n.1. We observed that it is the appellant's burden to demonstrate an excuse for an untimely appeal. *Id.* (citing *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009) (stating, "the claimant bears a heavy burden to justify an untimely appeal")). We further observed that an appellant's failure to present a developed timeliness argument in his brief, particularly where that failure contravenes the appellate court's express order, waives any timeliness argument. *Watkins*, slip op. at 2 n.1 (citing *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other

---

[7] We cite these unreported decisions as persuasive authority under Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

meaningful fashion capable of review, that claim is waived")). We therefore quashed the appeal in *Watkins*.

*Nifas I*, slip op. at 4-5. Finding the analysis in *Watkins* applicable and persuasive, we similarly quashed the appeal in *Nifas I* as appellants failed to offer any support for their assertion that they did not receive notice of the trial court's dismissal order. *Id*. at 2. Appellants in *Nifas I* failed to sustain their heavy burden of demonstrating an excuse for their untimely appeal and waived any argument regarding such an excuse by failing to offer a developed argument in their brief.

We reach the same conclusion here. The trial court entered its order sustaining Appellees' POs and dismissing Nifas's Complaint on April 30, 2021. Therefore, Nifas's appeal deadline was June 1, 2021.[8] The record reveals the trial court received Nifas's Notice of Appeal on September 20, 2021, 111 days after the appeal deadline. Like in *Nifas I* and *Watkins*, Nifas failed to comply with this Court's order to address the timeliness issue in his brief. While Nifas made factual allegations in the statement of facts section of his brief, Nifas failed to list timeliness as an issue on appeal and did not discuss it in the argument section of his brief. Moreover, he did not otherwise point to any record evidence or offer any legal argument or citation to legal authority in support of his bare averments of fact. Notably, Nifas has not requested this Court consider his appeal *nunc pro tunc* nor has he proffered any evidence that would support such a request. As such, Nifas has failed to support his suggestion that we should consider his appeal timely despite being filed 111 days after the deadline.

---

[8] The 30th day after April 30, 2021, was May 30, 2021, which was a Sunday. The following day, May 31, 2021, was Memorial Day. Therefore, excluding these dates, Nifas's deadline would have been June 1, 2021.

Because Nifas's appeal is untimely and there is no basis for this Court to conclude that the law supports granting *nunc pro tunc* relief in this circumstance, this Court lacks subject matter jurisdiction over this appeal. Accordingly, the appeal is quashed as untimely.[9]

---

[9] Because Nifas's appeal is untimely, we need not address Appellees' assertion that Nifas has waived all issues by failing to file his Statement with the trial court.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rasheed Nifas,                              :
                 Appellant        :
                               :
            v.                        : No. 1169 C.D. 2021
                               :
CO.1 R. Baker, CO.1 D. Attinger,            :
CO.III McLaughlin, CO.IV Fago,              :
Hearing Examiner Santana                    :

**PER CURIAM**                **O R D E R**

     **AND NOW**, this 22nd day of December 2023, the appeal of Rasheed Nifas from the April 30, 2021 order of the Court of Common Pleas of Northumberland County is **QUASHED**.