IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricky McClinton,                            :
                          Petitioner        :
                                            :
            v.                              :    No. 767 C.D. 2024
                                            :    Submitted: August 8, 2025
Pennsylvania Parole Board,                  :
                          Respondent        :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                     FILED:  September 17, 2025

Ricky McClinton (McClinton) petitions for review of an adjudication of the Pennsylvania Parole Board (Parole Board) recommitting him as a convicted parole violator and recalculating his maximum sentence date. On appeal, McClinton contends that the Parole Board erred in calculating his new maximum sentence date because it did not give him sufficient credit for the time of incarceration served before his recommitment and imposed service of back time in excess of the Parole Board's guidelines. McClinton's counsel, David Crowley, Esquire (Counsel), has filed an application for withdrawal of appearance with a letter explaining why McClinton's appeal lacks merit. We grant Counsel's application and affirm the Parole Board's adjudication.

On May 18, 2017, McClinton was sentenced on his conviction of drug offenses and resisting arrest to a term of incarceration of not less than 1 year, 10 months, and 22 days, to no more than 6 years and 5 months. His maximum sentence date was set at April 15, 2023.

On January 25, 2019, McClinton was paroled. On August 4, 2022, McClinton was arrested for possession with intent to deliver a controlled substance. That same day, the Department of Corrections (Department) issued a warrant to detain McClinton.[1] He did not post bail and, therefore, remained incarcerated as a result of the new criminal charges.

McClinton pled guilty to possession with intent to deliver a controlled substance and was sentenced to 11 months 28 days to 23 months 29 days to be followed by 12 months' probation. He received credit on his new sentence for the time he spent incarcerated while awaiting disposition of the 2022 criminal charges. Accordingly, on August 7, 2023, McClinton was paroled from the new sentence and placed under the supervision of the Lehigh County Probation Office.

On September 4, 2023, the Parole Board received official verification of McClinton's new conviction. Thereafter, on September 13, 2023, state parole agents arrested McClinton for violating the conditions of his parole on the original sentence. Thereafter, McClinton was transferred to a state correctional institution where he was detained pending a parole revocation hearing.

On October 25, 2023, the Parole Board issued McClinton a Notice of Charges for violating the terms of his 2019 parole. McClinton waived his right to counsel and elected a hearing before a hearing examiner, not a panel.

---

[1] In 2021, Chapter 61 of the Prisons and Parole Code (Parole Code) was amended to move certain responsibilities from the Parole Board to the Department. *See generally* 61 Pa. C.S. §§6101-6182. Specifically, the amendment requires the Department, not the Parole Board, to issue warrants to commit and detain parolees in violation of the terms of their parole. 61 Pa. C.S. §6171 ("The department shall have the following powers and duties: (1) . . . to supervise any offender released on parole by order of the board and to arrest, to detain in a department facility and to report to the board for a determination whether to revoke parole and recommit an offender who fails to comply with the conditions of supervision, including, but not limited to, the alleged commission of a new crime.").

At the hearing on November 16, 2023, McClinton admitted the new conviction and offered mitigating evidence. He testified that, following his parole in 2019, he had steady employment, operating a recording studio. He owns a home with his partner so that his daughter can "wake up in the home with both of her parents[.]" Hearing Transcript at 11 (H.T. __); Certified Record at 35 (C.R. __). Regarding his conviction, McClinton explained that he was arrested for marijuana possession, which was "medication" he purchased from a dispensary. H.T. 12; C.R. 36. When arrested, he had a shopping bag with his name and date of purchase. However, because the items inside the bag were not individually labeled, this "made it a possession with intent[.]" H.T. 12; C.R. 36. He acknowledged responsibility for the packaging of this marijuana. Finally, McClinton testified that while detained in the Lehigh County Prison, he did not receive any misconducts and took online culinary classes.

The Parole Board recommitted McClinton as a convicted parole violator to serve 15 months' backtime. The Parole Board awarded McClinton partial credit for the time spent at liberty on parole, but not full credit, for the stated reason that McClinton had "been convicted of a new crime that is the same or similar to the original offense[.]" C.R. 71. It set a new maximum sentence date of January 6, 2026.

McClinton filed an administrative appeal, challenging the new maximum date of sentence. Specifically, McClinton contended that the Parole Board erred in using a recommitment date of September 13, 2023, when he was paroled from his new county sentence on August 7, 2023. He also asserted that the Parole Board abused its discretion in not granting him credit for all the time spent at liberty on parole. Finally, it erred in not awarding credit for his incarceration on the

3

Parole Board's detainer from August 4, 2022, to August 7, 2023. The Parole Board denied McClinton's administrative appeal.

The Parole Board first explained that, pursuant to 61 Pa. C.S. §6138(a)(2), it has the discretion to grant or deny a convicted parole violator credit for time spent at liberty on parole. The Parole Board denied McClinton total credit because "he has been convicted of a new crime that is the same or similar to the original offense[.]" C.R. 89.

The Parole Board then explained the calculation of McClinton's new maximum sentence date. At the time of his parole in 2019, McClinton had 1,541 days remaining on his sentence. The Parole Board gave him partial credit for the time he spent at liberty on parole from January 25, 2019, to December 20, 2020, or 695 days. Subtracting 695 days from the 1,541 days remaining on his sentence left 846 days remaining on his original sentence. McClinton was arrested on new criminal charges on August 4, 2022. That same day, the Department lodged its detainer against him. McClinton did not post bail; therefore, the time he spent incarcerated had to be applied to his new sentence. Thus, he still owed 846 days on his original sentence. On August 7, 2023, McClinton was convicted on the 2022 criminal charges and paroled, but he was not in the custody of the Parole Board until September 13, 2023, when state parole agents arrested him for violating his 2019 parole conditions. Adding the 846 days to that date yielded a new maximum date of sentence of January 6, 2026.

McClinton appealed the Parole Board's adjudication. On July 22, 2024, this Court issued an order instructing the parties to address the timeliness of the appeal in their principal briefs on the merits or in an appropriate motion. Thereafter, Counsel filed his motion to withdraw.

4

On appeal,[2] McClinton raises four issues. First, he argues that the Parole Board erred in not giving him credit towards his original sentence from August 4, 2022, until his release from Lehigh County Prison on August 7, 2023, because he was detained on the Department's warrant during that period. Second, he argues that the Parole Board erred in relodging an arrest warrant after his release from Lehigh County Prison on August 7, 2023, because his original sentence had expired. Third, he argues that the Parole Board abused its discretion in awarding him only partial credit for time spent at liberty on parole, contending that he should have received credit for the entire 1,287 days. Fourth, he argues that the 15-month recommitment was excessive in that it exceeded the guideline range of 3 to 6 months and did not consider the mitigating evidence, *i.e.*, that he was prescribed medical marijuana to treat anxiety issues.

Where counsel is seeking to withdraw from representation of a parolee who challenges a parole revocation order, counsel must submit a *Turner*[3] or no-merit letter to this Court detailing the "nature and extent" of counsel's review, listing each issue raised by the parolee, and explaining why counsel concluded that parolee's claim is meritless. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citing *Turner*, 544 A.2d at 928). Procedurally, this Court must determine: (1) whether counsel notified the parolee of the request to withdraw; (2) whether counsel provided the parolee with a copy of the no-merit letter; and (3) whether counsel advised the parolee of "his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf." *Miskovitch v.*

---

[2] Our review of the Parole Board's adjudication determines whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016).

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

*Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). If counsel has satisfied these procedural requirements, the Court will then consider the merits of the parolee's claims. *Zerby*, 964 A.2d at 960.

Here, Counsel has filed a no-merit letter that details his review of McClinton's criminal record and parole history and explains the basis for his legal conclusion that McClinton's appeal lacks merit. Counsel also addressed the timeliness of McClinton's appeal in the letter. The record establishes Counsel sent McClinton a copy of the no-merit letter, and a copy of his application for withdrawal of appearance; and Counsel advised McClinton of his right to retain new counsel or raise any points that he might deem worthy of consideration.[4] Because Counsel has satisfied the procedural requirements for withdrawal, we turn to the merits of McClinton's petition.

Initially, we address the timeliness of McClinton's appeal. McClinton filed a petition for review of the Parole Board's March 28, 2024, adjudication on May 17, 2024. In his petition for review, McClinton stated that he did not receive notice of the March 28, 2024, adjudication until May 14, 2024, when the Clearfield County Public Defender's office mailed it to him. McClinton enclosed an envelope from the Clearfield County Public Defender demonstrating its contents were mailed to him on May 10, 2024, and delivered to him at the prison on May 14, 2024. McClinton contends that his appeal should be allowed *nunc pro tunc*.

A petition for review must be filed within 30 days after the entry of the order from which an appeal is taken. Pa.R.A.P. 1512(a)(1). The failure to file a timely petition for review deprives this Court of jurisdiction to consider its merits.

---

[4] Additionally, on October 25, 2024, this Court issued an order advising McClinton that he may obtain substitute counsel at his own expense to file a brief in support of the petition for review or file a brief on his own behalf. McClinton did not obtain substitute counsel or file a *pro se* brief.

*Nunc pro tunc* relief is available in limited circumstances, *i.e.*, where the delay in filing an appeal was caused by fraud or a breakdown in the administrative process or non-negligent circumstances related to the appellant, his attorney, or a third party. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). "[A] failure by the [Parole] Board to properly send notice, amounting to a breakdown in Board operations, is the equivalent of negligence on the part of administrative officials so that an appeal *nunc pro tunc* would be proper." *Bradley v. Pennsylvania Board of Probation and Parole*, 529 A.2d 66, 67 (Pa. Cmwlth. 1987). "If, however, the [Parole] Board did properly send the notice, but there was some intervening negligence by a third party, then an appeal *nunc pro tunc* would likewise be appropriate." *Id*.

The record shows that the Parole Board mailed its adjudication to the "Clearfield County Public Defender's Office" and does not indicate that a copy was sent to McClinton. C.R. 89. McClinton attached to his petition for review an envelope from the Clearfield County Public Defender demonstrating its contents were mailed to his prison on May 10, 2024, and delivered to him on May 14, 2024. Notably, the Parole Board does not challenge the timeliness of McClinton's petition for review. Given these circumstances, McClinton's petition for review will be allowed *nunc pro tunc*. We turn, then, to McClinton's issues on appeal.

In his first issue, McClinton argues that he should have received credit for the time from August 4, 2022, until his release from county prison on August 7, 2023, because during that period he was detained on the Department's warrant. Our Supreme Court has established guidelines for crediting time a parolee serves upon arrest on new criminal charges, and they provide as follows:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the [Parole] Board and has otherwise met the

7

> requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.[]

*Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980) (footnote omitted). In short, a defendant's incarceration before trial applies to his new sentence where the defendant has not posted bail, even though he is also being held on a detainer.

Here, McClinton was arrested on August 4, 2022, and held on the new charges as well as the Department's detainer.[5]  Because he did not post bail, McClinton's incarceration from August 4, 2022, to August 7, 2023, must be credited towards his new sentence and not his original sentence.[6]  Therefore, the Parole Board did not err in not crediting McClinton's original sentence for his incarceration while awaiting disposition of his new criminal charges.

In his second issue, McClinton argues that the Parole Board erred in relodging an arrest warrant after his release from Lehigh County Prison on August 7, 2023, because his original sentence had expired.  The Parole Code provides the Parole Board with statutory authority to revoke parole even after the expiration of a maximum sentence date.  61 Pa. C.S. §6138(a)(1).[7]  "There is no doubt that the

---

[5] While awaiting disposition of the new criminal charges, McClinton's original maximum sentence expired on April 15, 2023, at which time the Department would have lifted its detainer.  Then, on September 13, 2023, when state parole agents arrested McClinton on parole violation charges, the Department issued a warrant to detain McClinton for violation of his 2019 parole conditions.

[6] The *Gaito* principles apply regardless of whether the Parole Board or the Department issues the detainer.  *See generally Silvain v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 788 C.D. 2022, filed January 12, 2024), slip op. at 4 n.3, cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[7] It states:

[Parole] Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence expired." *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005).

Here, it is undisputed McClinton was on parole on the date of the incident, *i.e.*, August 4, 2022, and his maximum sentence date was April 15, 2023. It is irrelevant that McClinton was not convicted of the charges until August 2023 because the violation of parole occurred before the expiration of his maximum sentence date. Therefore, the Parole Board retained jurisdiction to revoke McClinton's parole.

In his third issue, McClinton argues that the Parole Board abused its discretion by arbitrarily awarding him 695 days of credit for time spent at liberty on parole. He contends that he should have received credit for the entire 1,287 days.

The Parole Code states, in relevant part, as follows:

(2.1) *The board may, in its discretion*, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sex offenders) or I (relating to continued registration of sex offenders).

---

**(a) Convicted violators.--**

(1) The board may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere at any time thereafter in a court of record.

61 Pa. C.S. §6138(a)(1).

(ii) The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1) (emphasis added). Accordingly, the Parole Board has the statutory authority to award "partial or full credit for the time spent at liberty on parole." *Soto v. Pennsylvania Parole Board*, 311 A.3d 1260, 1263 (Pa. Cmwlth. 2024). If the Parole Board denies credit, it "must provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 475 (Pa. 2017). The Parole Board's statement need not "be extensive and a single sentence explanation is likely sufficient in most instances." *Id*. n.12.

Here, the Parole Board exercised its discretion to award McClinton partial credit of 695 days for the reasons that follow:

> --The offender has been convicted of a new crime that is the same or similar to the original offense thereby warranting denial of credit for time at liberty on parole.

C.R. 71. As the Parole Board explained, McClinton's original sentence was for drug offenses: manufacture/sale/deliver or possession with intent to deliver, under Section 13(a)(30) of The Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[8] C.R. 1. Subsequently, McClinton was convicted of possession with intent to deliver a controlled substance, under Section 13(a)(30) of the Drug Act. The two offenses are related. Thus, we reject the claim that the Parole Board abused its discretion by awarding McClinton partial credit for the time he spent at liberty on parole prior to his arrest on new criminal charges.

---

[8] Act of April 14, 1972, P.L. 233, No. 64, *as amended*, 35 P.S. §780-113(a)(30).

In his fourth issue, McClinton argues that the 15-month recommitment was excessive because it exceeded the guideline range of 3 to 6 months for a drug conviction. In addition, the backtime imposed did not consider the mitigating factor that he had a medical marijuana card at the time of his arrest.

The Parole Board's regulation on presumptive ranges for drug violations states as follows:

Drug Law Violations:

| | |
|---|---|
| Felony with Statutory Maximum of 15 years | 24 months to 36 months |
| Felony with Statutory Maximum of 10 years | 18 months to 24 months |
| Felony with Statutory Maximum of 5 years | 9 months to 15 months |
| Felony with Statutory Maximum of 3 years and Misdeameanors with Statutory Maximum of 2 or 3 years | 6 months to 12 months |
| Misdemeanor with Statutory Maximum of 1 year | 3 months to 6 months |
| Misdemeanor with Statutory Maximum of 30 days | 1 month to 3 months |

37 Pa. Code §75.2. McClinton argues that the guideline applicable to him provided a presumptive range of 3 to 6 months.

McClinton was convicted of possession with intent to deliver, an ungraded felony. C.R. 32, 62. The presumptive range for a felony drug law violation

11

with a statutory maximum of 5 years is 9 to 15 months. 37 Pa. Code §75.2. The Parole Board imposed 15 months' backtime, which fell within the presumptive range. As long as the period of recommitment falls within the presumptive range for the violation, courts will not review the propriety of the term of recommitment. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990). McClinton argues that the 3- to 6-month range for drug offenses should have been applied to him, but that range applies to misdemeanors. McClinton's conviction was for a felony drug offense. Finally, "[a]s long as the recommittal is within the presumptive range, the [Parole] Board's judgment in assessing mitigating and aggravating factors is precluded from further review." *Id*. at 561. We reject McClinton's final issue on appeal.

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner*, and our independent review of the record confirms that McClinton's appeal lacks merit. We grant Counsel's motion to withdraw and affirm the Parole Board's adjudication.

MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricky McClinton,                            :
                            Petitioner       :
                                            :
        v.                                  :        No. 767 C.D. 2024
                                            :
Pennsylvania Parole Board,                  :
                            Respondent       :

# **O R D E R**

AND NOW, this 17th day of September, 2025, David Crowley, Esquire's Application for Withdrawal of Appearance is GRANTED, and the adjudication of the Pennsylvania Parole Board, dated March 28, 2024, is AFFIRMED.

We direct the Prothonotary of this Court to serve Petitioner Ricky McClinton with a copy of the Memorandum Opinion and Order.

_____
MARY HANNAH LEAVITT, President Judge Emerita